**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.   18-cv-3570 |
| v. | ) | |
| | ) | Claim Amount: $120,560.26, plus interest, |
| CLINICAL WOUND SOLUTIONS, LLC, | ) | attorneys' fees and costs |
| 1084 INDUSTRIAL DRIVE BUILDING, | ) | |
| LLC, MARSHALL N. DICKLER, | ) | |
| BARBARA S. DICKLER, LARRY P. | ) | |
| KANAR, AND SUSAN KANAR, | ) | |
| | ) | |
| Defendants. | ) | |

18-cv-

## COMPLAINT

COMES NOW Plaintiff Bank of America, N.A. ("Plaintiff" or "BofA" or "Bank"), by and through counsel, and for its Complaint against Clinical Wound Solutions, LLC ("CWS"), 1084 Industrial Drive Building, LLC ("1084 Industrial Drive"), Marshall N. Dickler ("M. Dickler"), Barbara S. Dickler ("B. Dickler"), Larry P. Kanar ("L. Kanar") and Susan Kanar ("S. Kanar) (collectively, the "Defendants"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      BofA is a federally chartered, national banking association having its principal place of business at 100 N Tryon Street, Charlotte, NC 28255.  Under 28 U.S.C. § 1332(c), BofA is deemed a citizen of the State of North Carolina. At all relevant times, BofA was, and is, authorized to do business in the State of Illinois.

2.      CWS is a limited liability company organized under the laws of the State of Illinois with its principal place of business located at 1084 Industrial Drive, Suite 5, Bensenville,

Illinois 60106, which is located in this judicial district. Upon information and belief, the managers of CWS are as follows, which constitute all the members of CWS:

    a. M. Dickler. As set forth below, M. Dickler is a citizen of the State of Illinois.

    b. L. Kanar. As set forth below, L. Kanar is a citizen of the State of Illinois.

    c. Dika Management, LLC ("Dika"). Dika is an Illinois limited liability company with its principal place of business at 85 W. Algonquin Rd., Ste. 420, Arlington Heights, Illinois 60005. Upon information and belief, the members of Dika are as follows:

        i. Marshall N. Dickler Trust, with co-trustees M. Dickler and B. Dickler, who are each citizens of the State of Illinois, as set forth below.

        ii. Barbara S. Dickler Trust, with co-trustees M. Dickler and B. Dickler, who are each citizens of the State of Illinois, as set forth below.

        iii. Larry P. Kanar Revocable Trust, with co-trustees L. Kanar and S. Kanar, who are each citizens of the State of Illinois, as set forth below.

        iv. Susan Kanar Revocable Trust, with co-trustees L. Kanar and S. Kanar, who are each citizens of the State of Illinois, as set forth below.

3. 1084 Industrial Drive is an Illinois limited liability company with its principal place of business at 1084 Industrial Drive, Ste. 5, Bensenville, Illinois 60106. Upon information and belief, the managing member of 1084 Industrial Drive is L. Kanar. As set forth below, L. Kanar is a citizen of the State of Illinois.

4. Upon information and belief, M. Dickler is a citizen of the State of Illinois domiciled in Riverwoods, Illinois at 1334 Woodland, Riverwoods, Illinois 60015.

5. Upon information and belief, B. Dickler is a citizen of the State of Illinois domiciled in Riverwoods, Illinois at 1334 Woodland, Riverwoods, Illinois 60015.

6.     Upon information and belief, L. Kanar is a citizen of the State of Illinois domiciled in Riverwoods, Illinois at 471 White Oak Lake, Riverwoods, Illinois 60015.

7.     Upon information and belief, S. Kanar is a citizen of the State of Illinois domiciled in Riverwoods, Illinois at 471 White Oak Lake, Riverwoods, Illinois 60015.

8.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9.     Venue in this action is proper pursuant to 28 U.S.C. § 1391 because (i) Defendants reside in this judicial district, (ii) Defendants are subject to personal jurisdiction in this judicial district, and (iii) a substantial part of the events giving rise to BofA's claims occurred in this judicial district.

## BACKGROUND

10.     On or about April 3, 2014, for good and valuable consideration, which included BofA's agreement to extend credit, CWS executed a Loan Agreement (the "Loan Agreement"), as supplemented, renewed, amended or extended, for a line of credit in the original principal amount of Four Hundred Thousand and 00/100 Dollars ($400,000.00) (the "Original Line of Credit"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

11.     To secure the Loan Agreement, on or about April 3, 2014, CWS executed a Security Agreement (Multiple Uses) granting BofA a security in the collateral of CWS (the "2014 Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit B**.

12.     On about April 3, 2014, for good and valuable consideration, which included BofA's agreement to extend credit to CWS, M. Dickler executed a Continuing and

3

Unconditional Guaranty (the "M. Dickler Guaranty") personally guaranteeing CWS's obligations to BofA under the Loan Agreement. A true and correct copy of the M. Dickler Guaranty is attached hereto as **Exhibit C**.

13. On about April 3, 2014, for good and valuable consideration, which included BofA's agreement to extend credit to CWS, B. Dickler executed a Continuing and Unconditional Guaranty (the "B. Dickler Guaranty") personally guaranteeing CWS's obligations to BofA under the Loan Agreement. A true and correct copy of the B. Dickler Guaranty is attached hereto as **Exhibit D**.

14. On about April 3, 2014, for good and valuable consideration, which included BofA's agreement to extend credit to CWS, L. Kanar executed a Continuing and Unconditional Guaranty (the "L. Kanar Guaranty") personally guaranteeing CWS's obligations to BofA under the Loan Agreement. A true and correct copy of the L. Kanar Guaranty is attached hereto as **Exhibit E**.

15. On about April 3, 2014, for good and valuable consideration, which included BofA's agreement to extend credit to CWS, S. Kanar executed a Continuing and Unconditional Guaranty (the "S. Kanar Guaranty") personally guaranteeing CWS's obligations to BofA under the Loan Agreement. A true and correct copy of the S. Kanar Guaranty is attached hereto as **Exhibit F**.

16. The expiration date of the Original Line of Credit was extended to December 3, 2015 pursuant to certain extension letters provided by BofA and a modification agreement executed by the parties.

17. On or about January 13, 2016, CWS executed a Loan Modification Agreement which bifurcated the Original Line of Credit facility under the Loan Agreement into two loan

4

facilities: a) a line of credit facility in the principal amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00) (the "Line of Credit"); and b) a term loan facility in the principal amount of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) (the "Term Loan"). A true and correct copy of the Loan Modification Agreement is attached hereto as **Exhibit G.**

18.     M. Dickler, B. Dickler, L. Kanar and S. Kanar (collectively, the "Individual Guarantors") each consented to and ratified the Loan Modification Agreement and their respective personal guaranties of CWS's indebtedness to BofA, including the Line of Credit and the Term Loan. A true and correct copy of the consent is included as pg. 10 of Exhibit G.

19.     On about January 13, 2016, for good and valuable consideration, which included BofA's agreement to enter into the Loan Modification Agreement, 1084 Industrial executed a Continuing and Unconditional Guaranty (the "1084 Industrial Guaranty") personally guaranteeing CWS's obligations to BofA under the Loan Agreement. A true and correct copy of the S. Kanar Guaranty is attached hereto as **Exhibit H**. 1084 Industrial and the Individual Guarantors are collectively the "Guarantors." The M. Dickler Guaranty, B. Dickler Guaranty, L. Kanar Guaranty, 1084 Industrial Guaranty, and 1084 Industrial Guaranty are collectively the "Guaranties."

20.     Also on or about January 13, 2016, CWS executed an amended and restated security agreement reaffirming its grant to BofA of a security interest in CWS's collateral (the "2016 Security Agreement," and, collectively with the 2014 Security Agreement, the "Security Agreement"). A true and correct copy of the 2016 Security Agreement is attached hereto as **Exhibit I**.

21.     The Loan Agreement, Guaranties, Security Agreement, and Loan Modification Agreement shall hereafter be collectively referred to as the "Loan Documents."

22. BofA is the current owner and holder of the Loan Documents.

23. BofA has performed all its obligations and conditions precedent under the Loan Documents.

24. The Loan Documents provide that BofA may recover its reasonable attorneys' fees and costs incurred in enforcing the terms of the Loan Documents.

25. Under the terms of the Loan Documents, CWS was required to remit monthly payments to BofA as outlined in the Loan Documents, and the Line of Credit and Term Loan both matured on December 3, 2016.

26. Failure to make payment when due is an event of default under the Loan Documents. *See* Loan Agreement, ¶ 7.1.

27. CWS failed to pay the total indebtedness due BofA at maturity.

28. Pursuant to the terms of the Loan Documents, upon an event of default, BofA has the right to declare the entire indebtedness owed under the Loan Documents to be immediately due and payable in full. *See* Loan Agreement, ¶ 7.

29. Upon an event of default, BofA is also entitled to collect default interest at a rate which is six (6.0) percentage points higher than the rate of interest otherwise provided for by the Loan Agreement. *See* Loan Agreement, ¶ 3.7.

30. Pursuant to the Guaranties, the Guarantors are liable for all amounts due BofA under the Loan Documents.

31. On or about September 13, 2017, counsel for BofA sent a letter to CWS and the Guarantors notifying them of CWS's default and demanding payment of the total indebtedness due BofA pursuant to the Loan Documents (the "Demand Letter").

32. Despite demand, the Defendants have failed to pay the total amount due and

owing under the Loan Documents.

33.     Between the Demand Letter and the date of filing this Complaint, BofA has proposed two loan modifications to the Defendants, but the Defendants have failed or refused to execute the same.

34.     On or about January 23, 2018, the Line of Credit was paid off in full and released.

35.     The Defendants, jointly and severally, remain liable to BofA for the balance remaining under the Term Loan.

**COUNT I – BREACH OF CONTRACT**
**AGAINST CLINICAL WOUND SOLUTIONS, LLC**

36.     BofA re-alleges and incorporates Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37.     CWS breached its obligations under the terms of the Loan Documents by failing to make payments when due under the Term Loan.

38.     Despite demand by BofA, CWS has failed and continues to fail to make payment of the amounts due and owing under the Term Loan.

39.     Due to CWS's default under the Loan Documents, CWS is indebted to BofA in the principal amount of $110,973.40, plus and accrued interest of $9,586.86, excluding default interest, for a total due and owing (as of May 10, 2018) of $120,560.26, plus accruing interest and default interest, plus attorneys' fees and costs.

WHEREFORE, Plaintiff Bank of America, N.A. respectfully requests judgment and relief in its favor and against Defendant Clinical Wound Solutions, LLC as follows:

(a)     Entry of judgment in its favor and against Clinical Wound Solutions, LLC in the principal amount of $110,973.40, and accrued interest of $9,586.86, for a total due through May

10, 2018 of $120,560.26, plus interest, including default interest, until paid in full;

(b)    An award of Bank of America N.A.'s expenses, reasonable attorneys' fees, and other costs incurred; and

(c)    Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
## AGAINST MARSHALL N. DICKLER

40.    BofA re-alleges and incorporates Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.    M. Dickelr breached the M. Dickler Guaranty by failing to make prompt payment and performance of CWS's obligations to BofA.

42.    Pursuant to the terms of the M. Dickler Guaranty, M. Dickler is liable for all amounts due and owing to BofA from CWS, including accruing interest, attorneys' fees and costs.

43.    Despite demand by BofA, M. Dickler has failed and continues to fail to make payment of the amounts due and owing under the Term Loan.

44.    Due to M. Dickler's default under the M. Dickler Guaranty, M. Dickler is indebted to BofA in the principal amount of $110,973.40, plus and accrued interest of $9,586.86, excluding default interest, for a total due and owing (as of May 10, 2018) as $120,560.26, plus accruing interest and default interest, plus attorneys' fees and costs.

WHEREFORE, Plaintiff Bank of America, N.A. respectfully requests judgment and relief in its favor and against Defendant Marshall N. Dickler as follows:

(a)    Entry of judgment in its favor and against Marshall N. Dickler in the principal amount of $110,973.40, and accrued interest of $9,586.86, for a total due through May 10, 2018

of $120,560.26, plus interest, including default interest, until paid in full;

(b)     An award of Bank of America N.A.'s expenses, reasonable attorneys' fees, and other costs incurred; and

(c)     Such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
## AGAINST BARBARA S. DICKLER

45.     BofA re-alleges and incorporates Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46.     B. Dicker breached the B. Dickler Guaranty by failing to make prompt payment and performance of CWS's obligations to BofA.

47.     Pursuant to the terms of the B. Dickler Guaranty, B. Dickler is liable for all amounts due and owing to BofA from CWS, including accruing interest, attorneys' fees and costs.

48.     Despite demand by BofA, B. Dickler has failed and continues to fail to make payment of the amounts due and owing under the Term Loan.

49.      Due to M. Dickler's default under the B. Dickler Guaranty, B. Dickler is indebted to BofA in the principal amount of $110,973.40, plus and accrued interest of $9,586.86, excluding default interest, for a total due and owing (as of May 10, 2018) as $120,560.26, plus accruing interest and default interest, plus attorneys' fees and costs.

WHEREFORE, Plaintiff Bank of America, N.A. respectfully requests judgment and relief in its favor and against Defendant Barbara S. Dickler as follows:

(a)     Entry of judgment in its favor and against Barbara S. Dickler in the principal amount of $110,973.40, and accrued interest of $9,586.86, for a total due through May 10, 2018

of $120,560.26, plus interest, including default interest, until paid in full;

(b)     An award of Bank of America N.A.'s expenses, reasonable attorneys' fees, and other costs incurred; and

(c)     Such other and further relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT
## AGAINST LARRY P. KANAR

50.     BofA re-alleges and incorporates Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     L. Kanar breached the L. Kanar Guaranty by failing to make prompt payment and performance of CWS's obligations to BofA.

52.     Pursuant to the terms of the L. Kanar Guaranty, L. Kanar is liable for all amounts due and owing to BofA from CWS, including accruing interest, attorneys' fees and costs.

53.     Despite demand by BofA, L. Kanar has failed and continues to fail to make payment of the amounts due and owing under the Term Loan.

54.      Due to L. Kanar's default under the L. Kanar Guaranty, L. Kanar is indebted to BofA in the principal amount of $110,973.40, plus and accrued interest of $9,586.86, excluding default interest, for a total due and owing (as of May 10, 2018) as $120,560.26, plus accruing interest and default interest, plus attorneys' fees and costs.

WHEREFORE, Plaintiff Bank of America, N.A. respectfully requests judgment and relief in its favor and against Defendant Larry P. Kanar as follows:

(a)     Entry of judgment in its favor and against Larry P. Kanar in the principal amount of $110,973.40, and accrued interest of $9,586.86, for a total due through May 10, 2018 of $120,560.26, plus interest, including default interest, until paid in full;

(b)     An award of Bank of America N.A.'s expenses, reasonable attorneys' fees, and other costs incurred; and

(c)     Such other and further relief as the Court deems just and proper.

## COUNT V – BREACH OF CONTRACT
## AGAINST SUSAN KANAR

55.     BofA re-alleges and incorporates Paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56.     S. Kanar breached the S. Kanar Guaranty by failing to make prompt payment and performance of CWS's obligations to BofA.

57.     Pursuant to the terms of the S. Kanar Guaranty, S. Kanar is liable for all amounts due and owing to BofA from CWS, including accruing interest, attorneys' fees and costs.

58.     Despite demand by BofA, S. Kanar has failed and continues to fail to make payment of the amounts due and owing under the Term Loan.

59.     Due to S. Kanar's default under the S. Kanar Guaranty, S. Kanar is indebted to BofA in the principal amount of $110,973.40, plus and accrued interest of $9,586.86, excluding default interest, for a total due and owing (as of May 10, 2018) as $120,560.26, plus accruing interest and default interest, plus attorneys' fees and costs.

WHEREFORE, Plaintiff Bank of America, N.A. respectfully requests judgment and relief in its favor and against Defendant Susan Kanar as follows:

(a)     Entry of judgment in its favor and against Susan Kanar in the principal amount of $110,973.40, and accrued interest of $9,586.86, for a total due through May 10, 2018 of $120,560.26, plus interest, including default interest, until paid in full;

(b)     An award of Bank of America N.A.'s expenses, reasonable attorneys' fees, and

other costs incurred; and

    (c)    Such other and further relief as the Court deems just and proper.

**COUNT VI – BREACH OF CONTRACT**
**AGAINST 1084 INDUSTRIAL DRIVE BUILDING, LLC**

    60.    BofA re-alleges and incorporates Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

    61.    1084 Industrial breached the 1084 Industrial Guaranty by failing to make prompt payment and performance of CWS's obligations to BofA.

    62.    Pursuant to the terms of the 1084 Industrial Guaranty, 1084 Industrial is liable for all amounts due and owing to BofA from CWS, including accruing interest, attorneys' fees and costs.

    63.    Despite demand by BofA, 1084 Industrial has failed and continues to fail to make payment of the amounts due and owing under the Term Loan.

    64.    Due to 1084 Industrial's default under the 1084 Industrial Guaranty, 1084 Industrial is indebted to BofA in the principal amount of $110,973.40, plus and accrued interest of $9,586.86, excluding default interest, for a total due and owing (as of May 10, 2018) as $120,560.26, plus accruing interest and default interest, plus attorneys' fees and costs.

    WHEREFORE, Plaintiff Bank of America, N.A. respectfully requests judgment and relief in its favor and against Defendant 1084 Industrial Drive Building, LLC as follows:

    (a)    Entry of judgment in its favor and against 1084 Industrial Drive Building, LLC in the principal amount of $110,973.40, and accrued interest of $9,586.86, for a total due through May 10, 2018 of $120,560.26, plus interest, including default interest, until paid in full;

    (b)    An award of Bank of America N.A.'s expenses, reasonable attorneys' fees, and

12

other costs incurred; and

      (c)      Such other and further relief as the Court deems just and proper.

                Respectfully submitted,

                BANK OF AMERICA, N.A.

By:    s/ Allison E. Pietras
        Natalia R. Griesbach
        Allison E.K. Pietras
        LOWIS & GELLEN LLP
        175 W. Jackson Blvd., Ste. 950
        Chicago, Illinois 60604
        Phone: (312) 364-2500
        Fax: (312) 364-1003
        ngriesbach@lowis-gellen.com
        apietras@lowis-gellen.com